IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | * | |
| CLARKE COUNTY HEATHCARE, LLC, | * | Case No. 11-03851 |
| Debtor. | * | |
| CLARKE COUNTY HEALTHCARE, LLC, f/d/b/a SOUTHWEST ALABAMA MEDICAL CENTER, | * * | |
| Plaintiff, | * | |
| v. | * | Adv. Proc. No. 13-_____ |
| STATE HEALTH PLANNING AND DEVELOPMENT AGENCY, | * * | |
| Defendant. | | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is the Complaint of Debtor Clarke County Healthcare, LLC ("CCHC") for declaratory and injunctive relief against the State Health Planning and Development Agency ("SHPDA"). This Court has jurisdiction under 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b). The Court has authority to grant the relief requested herein pursuant to 11 U.S.C. § 105, Bankruptcy Rule 7065, and Federal Rule of Civil Procedure 65.

2. The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in this Court on September 19, 2011. It is a debtor-in-possession. Southstar Health Group, LLC ("Southstar") is the Managing Member of the Debtor. Anne Thompson is the Managing Member of Southstar.

3. The Debtor formerly operated a hospital facility in Thomasville, Alabama. The hospital closed on or about August 15, 2011. The existing patients were transferred to other

1

healthcare facilities. Since the date of closure, there have been no patients in the Debtor's facility, and there are no ongoing hospital operations.

4. The Debtor owns certain real property including but not limited to the existing hospital facility. It also owns personal property including medical equipment, accounts receivable, patients' medical records derived from its operation of the hospital, and a replacement Certificate of Need issued to the Debtor by the SHPDA.

5. The Certificate of Need authorizes the Debtor to construct a 49-bed general acute care replacement hospital in Clarke County, Alabama.

6. On November 13, 2012, the Debtor filed its Application to Approve Sale of Substantially All of the Debtor's Assets Free and Clear of Liens and Encumbrances Pursuant to Bankruptcy Code § 363 [doc. 286], requesting approval of the sale of substantially all of its assets to DuBois L. Gilliam, or one or more of his affiliates, pursuant an Asset Purchase Agreement dated October 4, 2012.

7. Pursuant to the Asset Purchase Agreement, the Debtor proposed to sell three parcels of real property including the existing hospital building, certain tangible personal property, and the right to build the replacement hospital granted pursuant to its Certificate of Need to the buyer for consideration of $2,500,000.

8. The Debtor's Application to Approve the Sale was approved by the Court's Order dated December 21, 2012 [doc. 311].

9. On or about August 5, 2013, Gilliam assigned his rights and interests in and to the Purchase Agreement to DGKG Acquisition, LLC ("DGKG").

2

10. On August 22, 2013, DGKG submitted Notice of Change of Ownership of the Debtor to SHPDA for the purpose of facilitating the transfer of the Debtor's rights under the Certificate of Need at the anticipated closing of the sale transaction.

11. On September 5, 2013, SHPDA approved the Notice of Change of Ownership.

12. The initial outside closing date under the Asset Purchase Agreement was January 15, 2013. At the buyer's request, the outside closing was later extended to September 1, 2013 and again to October 1, 2013 with the consent of the Debtor. DGKG failed to close by October 1, 2013. The Debtor has not agreed to further extension of the outside closing date and is diligently pursuing a sale to other potential buyers.

13. On or about July 23, 2013, the City of Thomasville filed a request for a "contingent" plan adjustment with the Statewide Health Coordinating Council ("SHCC"). In its request, the City proposed that the 49 acute care beds allocated to the Debtor under its Certificate of Need be removed from the Debtor's control and added back to the Clarke County inventory of beds under the Alabama State Health Plan upon the earlier of (1) the termination or expiration of the beds that were licensed to and held pursuant to the Debtor's Certificate of Need or (2) the failure to consummate the Debtor's §363 sale transaction to DuBois L. Gilliam or one or more of his affiliates on or prior to November 11, 2013.

14. To the Debtor's knowledge, the November 11, 2013 date was chosen by the City arbitrarily and contains no logical tie to the validity or viability of the Debtor's Certificate of Need.

15. On August 9, 2013, the SHCC adopted the City's requested adjustment to the Alabama State Health Plan, which allows for the reallocation of the Debtor's 49 beds to the inventory of Clarke County and declares that the Debtor's Certificate of Need will be deemed to

3

have expired upon the earlier of (1) the termination or expiration of the beds that were licensed to and held pursuant to the Debtor's Certificate of Need or (2) the failure to consummate the Debtor's §363 sale transaction to DuBois L. Gilliam or one or more of his affiliates or assignees on or prior to November 11, 2013.

16. On August 12, 2013, the SHPDA recommended that Alabama Governor Robert Bentley approve the adjustment to the Alabama State Health Plan. He did so on August 13, 2013.

17. If the 49 beds previously allocated to the Debtor under its Certificate of Need are deemed to have expired or terminated as of the date arbitrarily chosen by the City of Thomasville in its request for a contingent plan adjustment and adopted by the SHCC and SHPDA, the Debtor will be deprived of its due process rights, and the value of the Debtor's estate will be substantially diminished. In the absence of the relief requested herein, on November 11, 2013, one of the Debtor's most valuable assets will be arbitrarily taken away. The 49 beds allocated to the Debtor under its Certificate of Need will be added back to the general inventory of beds in Clarke County under the Alabama State Health Plan, and any third party, including but not limited to the City of Thomasville, may apply for a new or competing certificate of need. The effect of the issuance of a new or competing certificate of need will be the substantial devaluation of the Debtor's assets.

18. SHPDA has specific rules and regulations that govern the period of validity and effect of a certificate of need. The SHCC does not have the authority to declare when a certificate of need expires or is terminated. The SHCC exceeded its statutory authority when it arbitrarily declared that the Debtor's Certificate of Need would expire upon the earlier of (1) the termination or expiration of the beds that were licensed to and held pursuant to the Debtor's Certificate of Need or (2) the failure to consummate the Debtor's §363 sale transaction to

DuBois L. Gilliam or one or more of his affiliates or assignees on or prior to November 11, 2013. SHDPA has implemented an action undertaken by SHCC, which SHCC had no authority to take.

19. At the time SHPDA took the actions alleged above, it had notice of the filing of the Debtor's bankruptcy petition.

20. Bankruptcy Code § 105(a) provides as follows:

> The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this Title. The provision of this Title for the raising of an issue by a party-in-interest shall be construed to preclude the Court from *sua sponte* taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abusive process period.

21. Under § 105(a) the Court has the authority to enjoin SHPDA from attempting to or exercising control over a major asset in the Debtor's estate, namely its Certificate of Need, to the detriment of the Debtor and its creditors.

## COUNT I – DECLARATORY RELIEF

1-21. The Debtor realleges and incorporates the allegations set forth in paragraphs 1 – 21 as if the same were fully set forth herein.

22. SHPDA did not request relief from the automatic stay imposed by 11 U.S.C. §362(1) and (3) before taking the actions alleged herein.

23. Because SHCC did not have authority to determine when the Debtor's Certificate of Need expires or terminates, SHPDA does not have authority to remove the 49 beds licensed to and held by the Debtor under its Certificate of Need from the Debtor's control and add them back to the general inventory of beds in Clarke County pursuant to the "contingent" adjustment wrongfully approved by SHCC on August 9, 2013.

5

WHEREFORE, the Debtor requests that the Court award declaratory relief in its favor, declaring the following:

a. That SHPDA must obtain relief from the automatic stay prior to taking any further action to exercise control over the Debtor's Certificate of Need, including but not limited to accepting, processing, approving, or considering any filings, certificate of need applications, or emergency certificate of need applications, or otherwise processing any filings related to the adjustment approved by the SHCC on August 9, 2013;

b. That SHPDA did not and does not have the authority to implement, effectuate, honor, or act on the "contingent" adjustment to the Alabama State Health Plan proposed by the City of Thomasville and adopted by SHCC on August 9, 2013.

c. And for such other relief as is just.

## COUNT II – INJUNCTIVE RELIEF

1-23. The Debtor realleges and incorporates the allegations set forth in paragraphs 1 – 23 as if the same were fully set forth herein.

24. The Debtor alleges that the facts described above demonstrate that immediate and irreparable injury, loss, or damage will result to the Debtor if injunctive relief is not granted. A balancing of the equities weighs in favor of granting the relief requested to the Debtor.

WHEREFORE, the Debtor prays that the Court will issue a temporary and preliminary injunction and grant the Debtor permanent injunctive relief enjoining SHPDA, and its agents, servants, and employees, (a) from taking any action to implement, effectuate, or honor the "contingent" adjustment to the Alabama State Health Plan proposed by the City of Thomasville and adopted by the SHCC on August 9, 2013; (b) from taking any action to remove the 49 beds licensed and allocated to the Debtor under its Certificate of Need from the Debtor's control and

adding them back to the inventory of beds in Clarke County, Alabama; and (c) from accepting, processing, approving, or considering any filings, certificate of need applications, or emergency certificate of need applications, or otherwise processing any filings related to the adjustment approved by the SHCC on August 9, 2013 until such time as the Debtor's assets relating to its Certificate of Need are no longer subject to the protection and jurisdiction of this Court, and for such other relief as is just.

    I aver that the above statements are true and correct based upon my personal knowledge.

*Anne Thompson* (signature)
Anne Thompson

STATE OF ALABAMA
COUNTY OF MOBILE

    Before me, the undersigned a Notary Public, in and for said State and County, do hereby certify that Anne Thompson, whose name is signed to the above and foregoing Complaint, and who is known to me, acknowledged before me on this day, that, being informed of the contents of said instrument, she executed the same voluntarily on the day the same bears date.

    Given under my hand and official seal of office on this the 6th day of November [October struck through], 2013.

_____
NOTARY PUBLIC

AFFIX SEAL HERE
My Commission Expires July 22, 2014

7

/s/ Lawrence B. Voit
Lawrence B. Voit

/s/ Alexandra K. Garrett
Alexandra K. Garrett

SILVER, VOIT & THOMPSON
Attorneys at Law, P.C.
4317-A Midmost Drive
Mobile, AL 36609-5589
Telephone: 251/343-0800
Fax: 251-343-0862
E-mail: lvoit@silvervoit.com
E-mail: agarrett@silvervoit.com
LS-8147-14031/mm


Loree J. Skelton
Loree J. Skelton
LOREE J. SKELTON, LLC
P.O. Box 26214
Birmingham, AL 36260
Telephone: 205-790-1930
Email: loreeskelton@bellsouth.net

Attorneys for Debtor Clarke County Healthcare, LLC

8